[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, whose birth name was Patricia Dillon intermarried with the Defendant at New Haven, Connecticut on September 13, 1975. The parties have each resided continuously in this State for at least twelve months prior to the date of this complaint which seeks the dissolution of their marriage.
There are two children issue of the marriage: Philip Nista, born November 13, 1982 and Jennifer Nista, born October 12, 1985.
The parties agree that their marriage should be dissolved and have amicably resolved many of the issues related to the end of their marriage.
The parties agreed as follows:
The parties shall share joint legal custody of the two minor children. Physical residence of Jennifer shall be with the Plaintiff; physical residence of Philip shall be with the Defendant. The visitation schedule is set forth by stipulation in a transcript of October 24, 1994.
The attorney for the minor children was also in agreement regarding this custody arrangement. It was also understood by all parties that the Plaintiff would reside in Florida.
The Defendant shall pay $75.00 a week in support to the Plaintiff. This amount is in accordance with the support guidelines for such a split custody decision.
The Defendant's pension with his employer Connecticut Transit is a marital asset. The Plaintiff will by QUADRO receive 50% of the value of such pension as of the date of dissolution. Attorney Betsy McMahon will prepare such QUADRO, and the parties will share equally her fee.
The family home shall be sold at the expiration of the life use held by Defendant's parents, except if Defendant opts to buy out Plaintiff's interest in the home within 60 days of the expiration of said life use.
The Defendant shall maintain life insurance on his own life for the benefit of the minor children in an amount of not less than $50,000, for so long as he has a support obligation for any of the children. CT Page 11766
Each party shall be responsible for their own debts. Each party shall pay $625.00 to the children's attorney within 60 days of this Judgment.
The Defendant shall deposit to the children's bank accounts the proceeds of U.S. Treasury bonds which are in his name.
The court finds the parties agreement fair and equitable and enters orders in accordance with the above referenced agreements.
The issues presented to the court for resolution involve the respective shares in responsibility for unreimbursed medical expenses; the cost of COBRA insurance coverage for the Plaintiff, the respective equity shares in the marital home, Plaintiff's claim for counsel fees and alimony.
The Plaintiff claims are for a split on unreimbursed medical costs on a Defendant 75% Plaintiff 25% basis; Defendant's sharing equally the $230.00 per month cost of continuing Plaintiff's health insurance; reasonable attorney's fees, $100.00 per week in alimony and equal shares in the marital home equity.
The Defendant seeks to share equally the costs of unreimbursed medical expenses; a 65%-35% share of the marital home equity and either no alimony or $1.00 a year alimony to each party. The Defendant opposes paying any share of the COBRA insurance cost or Plaintiff's counsel fees.
Plaintiff is 39 years old. Defendant is 44 years of age. Both parties have high school educations or the equivalency thereof. Plaintiff has had clerical-secretarial employment in the early years of the marriage. She cared for the children and did not work outside the home for many years. Since December of 1990 the Plaintiff has worked on a part-time basis as an aerobics instructor. The Plaintiff has relocated to Florida with her daughter and is seeking full-time employment.
The Defendant has worked as a mechanic at a bus depot for the last ten years. He has a significant history of psychiatric illness, including recent periods of hospitalization for depression. He has been treated and medicated for his condition for twelve years.
The Defendant does have a higher income and earning capacity than does the Plaintiff. His health and continuing expenses for CT Page 11767 medication and treatment, combined with his child support obligation; substantially reduce the disparity with the Plaintiff's earning capacity. The Plaintiff's robust health make her prospects such that periodic alimony will be inappropriate.
The Plaintiff does need assistance in starting a new life in Florida and after 19 years of marriage the Defendant is obligated to support Plaintiff in her endeavor.
The Defendant shall pay one-half of the cost of continuing Plaintiff's medical insurance pursuant to COBRA; until such time as the Plaintiff obtains other equivalent medical insurance, or the COBRA benefit expires.
The Defendant shall pay to the Plaintiff in non-modifiable lump sum alimony the total amount of $5,000, at the rate of $50.00 per week.
The parties will share equally unreimbursed medical costs of the minor children.
The equity in the marital home shall be equally divided between the parties.
The Plaintiff's claim for counsel fees is denied.
The marriage is dissolved.
Robert F. McWeeny, Judge